UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MOORE,

    Plaintiff(s),

v.

TARGET CORPORATION,

    Defendant(s).
_____/

Case No. 07-10283

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT [25]**

Plaintiff Robert Moore filed this negligence action after he was struck in the head by a sign that fell from the ceiling in Defendant Target Corporation's store. Defendant claims that Plaintiff has presented no evidence to establish a prima facie case of negligence. This matter comes before the Court on Defendant's renewed motion for summary judgment. For the reasons set forth below, Defendant's motion is GRANTED.

**I.**     **Facts**

On August 12, 2005, Plaintiff went to Defendant's store in Eastland, Michigan, to purchase school supplies for his grandchildren. (Def.'s Mot. at 6; Pl.'s Resp. at 3.) Plaintiff was shopping in the store's "One Spot" dollar section near the entrance when a plastic sign fell from the ceiling and struck Plaintiff on the face and shoulder. (Def.'s Mot. at 9, Ex. A; Pl.'s Resp. at 3.) The sign was suspended from the ceiling by a plastic rod with a hook at the end. (Def.'s Mot., Ex. B.) The photographic evidence illustrates that the plastic hook that held the sign is equipped with a locking mechanism that keeps the hook closed.

(Def.'s Renewed Mot., Exs. 2-6.) Plaintiff did not see or hear the sign before he was struck, but he did notice that it was windy inside the store. (Def.'s Mot. at 7-9.) Both parties agree that the sign fell after a gust of wind blew through the store's front doors. (Def.'s Mot. at 7; Pl.'s Resp. at 4.)

Defendant's employee, Johanna Blackburn, was working the day the sign fell. Ms. Blackburn worked at the Eastland store from June 2003 until December 2006. (Pl.'s Resp., Ex. 4 at 5.) She was a "Guest Experience Team Leader" and was in charge of four to five team leaders, forty to forty-five cashiers, and various areas in the store. (*Id.* at 6.) She testified:

> Q: How strong were the winds that day?
>
> A: I don't know how much of a high gust it was as far as news forecast. But I do know there's like a draft that comes through. And the wind was already high due to the weather. But we're connected to a mall. So when the doors open, the wind flares at a high gust. So it didn't help the situation with the weather. So it was very high that day.
>
> Q: Are you saying there's like a wind tunnel affect [sic] between the doors to the parking lot and the doors to the mall?
>
> A: Yes.

(*Id.* at 9-10.)[1] Ms. Blackburn confirmed that the sign that fell was located "in the wind tunnel." *(Id.* at 12.) She also testified that the sign was re-hung in the same manner as before it fell. (*Id.* at 26.)

Another employee, Shanzata Warren, saw the sign fall. (Def.'s Mot. at 12; Pl.'s Resp. at 3.) Ms. Warren testified that the wind was blowing, the sign was moving, and the sign

---

[1]Plaintiff has submitted a weather report that shows the average wind speed the day of the incident was 5 miles per hour, the maximum speed was 17 miles per hour, and the maximum gust speed was 22 mph. (Pl.'s Resp., Ex. 5.)

fell after the entrance doors opened.  (Def.'s Mot. at 12.)  She also stated that the sign that fell was the sign closest to the store's entrance.  (*Id.*)  Additionally, Ms. Warren testified that she never had seen another sign fall, either before or after this incident.  (*Id.* at 13.)  A number of Defendant's other employees also testified that they had never seen a sign fall.  (Def.'s Mot., Ex. F at 25-26; Ex. G at 12; Ex. H at 18.)  Ms. Warren did not see anything break before the sign fell.  (*Id.*)

Plaintiff initially filed this action in state court, and Defendant removed the case to federal court.  This Court heard arguments on Defendant's initial motion for summary judgment on November 28, 2007.  Because new evidence came to light at the hearing, the Court denied Defendant's motion without prejudice and granted Defendant leave to re-file the motion with the new evidence. (Docket Text # 24.)  This matter is now before the Court on Defendant's renewed motion for summary judgment.

**II.    Summary Judgment Standard**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets this burden, the

non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Analysis

#### A. Prima Facie Case of Negligence

A prima facie case of negligence consists of four factors: duty, breach of that duty, causation, and damages. *Fultz v. Union-Commerce Assocs.*, 683 N.W.2d 587, 590 (Mich. 2004). The threshold question in a negligence action is whether Defendant owed a duty to Plaintiff. *Id.* A storekeeper has a duty to provide reasonably safe aisles for its customers. *Serinto v. Borman Food Stores*, 158 N.W. 2d 485, 486 (Mich. 1968)(citation omitted). Because Plaintiff was a business invitee when the sign fell, Defendant owed him this duty. Additionally, there is no question that Plaintiff's alleged injuries were directly and proximately caused by the falling sign. The sole remaining inquiry is whether Defendant breached the duty it owed Plaintiff.

A storekeeper:

> is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused,

> where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it.

*Clark v. Kmart Corp.*, 634 N.W.2d 347, 348-49 (Mich. 2001). Stated differently, Defendant can be held liable for injuries caused by an unsafe condition if Defendant's active negligence caused the condition, or if Defendant knew or should have known of the unsafe condition.

Initially, Plaintiff contended that two factors combined to create an unsafe condition about which Defendant knew or should have known. First, Defendant hung a lightweight plastic sign on an unclosed plastic hook (this has been refuted by the new evidence). Second, Defendant hung the sign in an area described as a wind tunnel. Taken together, Plaintiff argued, the sign constituted an unsafe condition as it was prone to detach from its mounting hardware and fall from the ceiling.

Defendant countered that Plaintiff had produced no evidence that the hooking system used to hang the sign was defective, that the sign fell as a result of Defendant's negligence, or that Defendant had a reasonable time to notice and correct any defect before the sign fell. To bolster its claim, Defendant offered the testimony of Robert E. Little, Ph.D., whom Defendant intends to call as an expert witness. (Def.'s Mot., Ex. I.) Dr. Little tested the hooking system used to hang the sign. He applied loads up to ten times the weight of the sign; these loads did not cause the hook to break or the sign to come loose. (*Id.*) Dr. Little concluded that the hooking system was safe for its intended use and that it was unforeseeable to Defendant that the sign could unhook. (*Id.*)

In light of the new evidence that establishes that the hook was not unclosed but rather had a locking mechanism, Plaintiff's argument fails. First, because the sign was not hung

5

on an unclosed hook in a windy location, Plaintiff cannot establish that an unsafe condition existed. Indeed, Plaintiff concedes that the sign did not fall because either it or its mounting hardware broke, that it is unlikely that the hooks simultaneously became unlatched and caused the sign to fall, and cites to the opinion of Defendant's proposed expert that the hooks could not have failed under the subject conditions. (Pl.'s Resp. to Renewed Mot. at 4.) Moreover, even if the hook became unlatched to create an unsafe condition, Plaintiff has presented no evidence to illustrate that Defendant's active negligence caused the unsafe condition or that Defendant knew or should have known of the unsafe condition. Thus, as Plaintiff has not provided evidence to establish an unsafe condition about which Defendant knew or should have known, Plaintiff cannot establish a prima facie case of negligence.

### B. Res Ipsa Loquitur

In response to Defendant's renewed motion, Plaintiff argues that his negligence claim is saved by the doctrine of *res ipsa loquitur*. "The major purpose of the doctrine of *res ipsa loquitur* is to create at least an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act." *Jones v. Porretta*, 405 N.W.2d 863, 872 (Mich. 1987). To avail himself of this doctrine, Plaintiff must establish the following:

> 1) The event must be of a kind which ordinarily does not occur in the absence of someone's negligence;
>
> 2) It must be caused by an agency or instrumentality within the exclusive control of the defendant;
>
> 3) It must not have been due to any voluntary action or contribution on the part of the plaintiff; and
>
> 4) Evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.

6

*Id.*

Even with the benefit of this doctrine, Plaintiff's claim fails, for when "using *res ipsa loquitor* to infer negligence, plaintiff must produce some evidence of wrongdoing beyond the mere happening of the event." *Gardner v. MGM Grand Detroit, LLC*, No. 255360, 2006 WL 168023, *3 (Mich. App. Jan. 24, 2006) (unpublished) (citing *Fuller v. Wurzburg Dry Goods Co.*, 192 Mich. 447, 448 (Mich. 1916)). Here, Plaintiff has not presented any evidence of wrongdoing. To the contrary, as discussed above, Plaintiff concedes that the hook did not break, did not become unlatched, and could not have failed under the conditions that existed. Indeed, Plaintiff has presented no explanation as to how the sign fell. Instead, Plaintiff simply concludes that "the falling of the sign could not have occurred in the absence of negligence." (Pl.'s Resp. to Renewed Mot. at 4.)

Further, even if Plaintiff could produce some evidence of wrongdoing beyond the fact of the accident itself, Plaintiff cannot satisfy the fourth factor of *res ipsa loquitur.* Plaintiff argues that "the evidence of the true explanation for the sign's fall was only accessible to Defendant." (*Id.* at 5.) To buttress this claim, Plaintiff points out that the employee who hung the sign in question has passed away. (*Id.*) Defendant counters that the employee's death was not within Defendant's control. (Def.'s Reply at 4.) Additionally, the other employee who hung signs was identified, yet Plaintiff chose not to depose him. (*Id.*) The manufacturer and vendor of the hooking system was identified, yet Plaintiff sought no discovery from that company. (*Id.*) Additionally, Plaintiff has been provided with all of the accident investigation documentation and the photographs taken by Defendant at the time of the accident; Plaintiff also has deposed the witnesses identified in the investigation. (*Id.*)

Thus, Plaintiff has had the same level of access to the true explanation of the event as has Defendant. Accordingly, the doctrine of *res ipsa loquitur* is unavailable to Plaintiff.

Plaintiff has failed to establish a prima facie case of negligence, and his claim is not saved by *res ipsa loquitur*. Accordingly, Plaintiff's negligence claim must fail, and Defendant's renewed motion for summary judgment is GRANTED.

### IV. Conclusion

For the above-stated reasons, Defendant's renewed motion for summary judgment is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 28, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager